Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFONSO FRANCO,

                    Plaintiff,

    -against-

CENTRAL AVE CW, INC.,
dba CENTRAL PARK AUTO WASH,
and REYAD MUSSA, individually,

                    Defendants.

Case No.:   20 CV 7379

**COMPLAINT in an**
**FLSA ACTION**

ECF Case

---

      Plaintiff, Alfonso Franco ("Plaintiff"), by and through his undersigned attorneys,

Cilenti & Cooper, PLLC, files this Complaint against Defendants, Central Ave CW, Inc.,

doing business as Central Park Auto Wash, located at 975 Midland Avenue, Yonkers,

New York 10704, (hereinafter, "Central Park Auto Wash"); and Reyad Mussa,

individually (both defendants, collectively, "Defendants"), and states as follows:

### INTRODUCTION

      1.    Plaintiff, Alfonso Franco, alleges that, pursuant to the Fair Labor

Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover

from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime

compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and

(5) attorneys' fees and costs.

2.      Plaintiff, Alfonso Franco, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is an adult resident of Westchester County, New York.

6.      Defendant, Central Ave CW, Inc., doing business as Central Park Auto Wash, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 975 Midland Avenue, Yonkers, New York 10704.

7.      Upon information and belief, Defendant, Reyad Mussa, is an owner, general manager, officer, director and/or managing agent of Central Ave CW, Inc., whose address is unknown at this time and who participated in the day-to-day operations of Central Ave CW, Inc., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29

C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Central Ave CW, Inc.

8.    The individual defendant, Reyad Mussa, exercised control over the terms and conditions of his employees' employment, including Plaintiff, in that he has and had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control the work of his employees; and (v) otherwise affect the quality of his employees' employment.

9.    Plaintiff, Alfonso Franco, was employed by Defendants in Westchester County, New York, to work as a general helper / car wash attendant, at Defendants' car wash "Central Park Auto Wash", located at 975 Midland Avenue, Yonkers, New York 10704, between March 2018, and August 21, 2020, without interruption.

10.   Plaintiff, at times, also did construction and general cleaning / laboring work for the same employers.

11.   During the period of time relevant to the allegations herein, *to wit*, July 2018 through April 2020, Central Park Auto Wash, located at 1585 Third Avenue, New York, New York 10128, through corporate entities, operated a car wash.

12.   Defendant, Central Ave CW, Inc., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

13.     At all relevant times, Central Ave CW, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.     At all relevant times, the work performed by Plaintiff, Alfonso Franco, was directly essential to the businesses operated by defendants.

15.     Plaintiff was always paid by check, and worked for the corporate defendant, and directly for Reyad Mussa, for over two (2) years.

16.     Defendant, Reyad Mussa, creates and implements crucial business policies, including decisions concerning job description of his employees, the number of hours his employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

17.     The defendant corporation is owned, operated, and controlled by the individual defendant Reyad Mussa.

18.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and minimum wages, in contravention of the FLSA and New York Labor Law.

19.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Alfonso Franco lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

20.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Alfonso Franco lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

21.     Plaintiff, Alfonso Franco, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

4

## STATEMENT OF FACTS

22.     In or about March 2018, Plaintiff, Alfonso Franco, was hired by Defendants to work as a helper and car wash attendant, and occasional laborer/cleaner, at Defendants' car wash doing business as "Central Park Auto Wash" located at 975 Midland Avenue, Yonkers, New York 10704.

23.     Plaintiff Alfonso Franco was continuously employed by Defendants, between March 2018 through August 21, 2020.

24.     Plaintiff's responsibilities included cleaning cars, doing general construction work and also cleaning defendants' gas station. He was a general helper.

25.     Plaintiff assigned schedule was 7:30 a.m. until 8:00 p.m. but he sometimes worked shorter hours in inclement weather. He worked six (6) days per week. He normally worked between fifty (50) and seventy (70) hours per week.

26.     In 2018, Plaintiff was paid on an hourly basis at a rate of nine dollars ($9.00) per hour for the first forty (40) hours and thirteen dollars fifty cents ($13.50), for worked performed in excess of forty (40) hours per week.

27.     In 2019, Plaintiff was paid on an hourly basis at a rate of nine dollars twenty-five cents ($9.25) per hour for the first forty (40) hours and thirteen dollars eighty-eight cents ($13.88), for worked performed in excess of forty (40) hours per week.

28.     In 2020, Plaintiff was paid on an hourly basis at a rate of ten dollars ($10.00) per hour for the first forty (40) hours and fifteen dollars ($15.00), for worked performed in excess of forty (40) hours per week.

29.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff wages for all hours worked; minimum wages; or overtime (of time

and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff, when his shift exceeded ten (10) hours.

31.     Plaintiff was paid hourly, and he punched a time clock when he began and ended his work each day.

32.     Plaintiff was paid by check and he received a wage statement / paystub, with his weekly wages.

33.     Plaintiff's pay, at all times relevant to this action, was below the statutory minimum wage for the locale in which it was performed, *to wit*, Westchester County, New York.

34.     Defendant, Reyad Mussa, is an individual who, upon information and belief, owns the stock of Central Ave CW, Inc., owns Central Ave CW, Inc., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

35.     Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

36.     Defendants are not entitled to take a "tip credit" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing Plaintiff, of the amount of "tip credit" taken for each payment period; (iii) required Plaintiff, to spend

in excess of 20% of his work shift performing non-tipped work; (iv) Plaintiff's tips were not sufficient to meet the minimum wage requirements for the location in which it was performed; and (v) the purported tip credit, if one were taken, was improper as far as the minimum wage was not paid, and as such, the tip credit was not applied correctly for the minimum wage and the overtime rates.

37.     Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

38.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

42.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

43.     Defendants willfully failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

44.     Plaintiff was entitled to be paid for all hours worked and at the rate of time and one-half the minimum rate of pay for hours worked in excess of forty (40) each week.

45.     At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff minimum wages for all hours worked.

46.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

47.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful wages, and overtime compensation, for hours worked when they knew or should have known such was due.

48.     Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

49.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff which may be in the possession and custody of the Defendants may be false as Plaintiff was not given a weekly statement of his hours and wages and was asked to sign a false document.

50.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51.     As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52.     Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

53.     Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

54.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

56.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked.

57.     Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages for all hours worked; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

58.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his the statutory minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

59.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

60.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

61.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62.     Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for him full hours worked; and, any overtime due.

63.     Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

64.     Plaintiff was not provided with a proper, written wage notice, as required by law.

65.     Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

66.     Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE,** Plaintiff, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages, minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' failure to pay wages, minimum wages and overtime compensation, pursuant to 29 U.S.C. § 216;

(c)     An award of civil penalties, pursuant to the New York State Wage Theft Prevention Act;

(d)     An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and

(f)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       September 10, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
Telephone (212) 209-3933
Facsimile (212) 209-7102

By:     _____
        Peter H. Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Reyad Mussa

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Alfonso Franco intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Central Ave CW, Inc., located at 975 Midland Avenue, Yonkers, New York, for all debts, wages and / or salaries due and owing to him as laborer, servant, and / or employee of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
           September 10, 2020

Respectfully submitted,

By: _____
              Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

12

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Alfonso Franco_____, am an employee currently or

formerly employed by _____Central Avenue Car Wash_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____September 10_____, 2020

Alfonso Franco